# MARY A. SEXTON
## v.
# E. H. & A. H. BROWN.

*Sales—Failure to Deliver—Evidence—Account Books—Instructions.*

1. A memorandum book is not competent evidence on behalf of the person who made the entries therein, without the preliminary proof required by statute as to the character of the book and method of keeping it.
2. The mere fact that the other party saw the entries does not amount to an admission of their correctness.
3. A buyer can not recover damages for failure to deliver goods sold him, the price of which increased after the purchase, unless it is shown that the sale was on time, or that he tendered payment or was ready and willing to pay for them when demand for their delivery was made.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of Winnebago County; the Hon. JAMES H. CARTWRIGHT, Judge, presiding.

Messrs. FROST & McEVOY, for appellant.

Messrs. J. C. GARVER and A. E. FISHER, for appellees.

C. B. SMITH, J. This suit was brought by appellees against appellant to recover for a balance due them on flour sold and delivered to the appellant. Several bills of flour were sold and delivered during the year 1888. There is no dispute as to any of the bills except one of February 4th, fifty sacks, at $55, and March 13th, fifty sacks, $55. As to these two bills, both appellant and her son deny getting them. This evidence is contradicted by one of the Browns and their drayman, North, who say the flour was delivered. Whether it was or not was a question of fact for the jury, and we see no reason for interfering with their finding. Appellant also claims a set-off against the demand of appellees, on account of appellees' failure to deliver to her the whole number of two hun-

dred 98-lb. sacks of flour, which she claims to have bought, about the 27th day of July, 1883, at $4.60 per barrel. She insists that appellees only delivered ninety sacks of this last purchase, and that they refused to deliver any more of it, and that within the time this flour was to be delivered flour had advanced to $7 per barrel, and that in consequence of the advance of flour, and appellees' refusal to deliver, she lost $2.40 per barrel on the remaining 110 sacks.

She and her son swear that this sale was made about the 27th day of July, and was to be delivered as quick as possible, and that appellant agreed that if flour went down she should have the benefit of the decline. Appellant is not certain whether this purchase was made in June or July. She made no memorandum of it; she had made another purchase in June. Appellee, Brown, denies positively that he made any such sale, or that he delivered the ninety sacks under that sale; but that the ninety sacks were delivered under a former sale. He says his books show no such sale; whether this sale was in fact made was also a question for the jury. The fact that no memorandum was made by either party of any such sale is a strong circumstance against it. It is very improbable that appellee, who was a flour dealer, would contract to sell and deliver that much flour and make no memorandum of it either as to amount, price or time of delivery. At all events it was properly submitted to the jury, and we can not say their finding was wrong.

It is also urged that the court erroneously limited the effect of certain letters and cards introduced in evidence by appellant, written by herself and appellee in reply thereto. By this correspondence appellant wanted to prove the sale of the 200 sacks of flour on July 27th, but the court instructed the jury that they were admitted only for the purpose of proving a sale of flour and a demand for it, but that they did not prove a sale on July 27th. This was correct. There was no reference in this correspondence to any sale made on July 27th, and the correspondence would apply and relate to former sales just as well as to the later sale of July 27th.

Complaint is also made that the court refused to permit

Sexton v. Brown.

certain entries in a small pass-book, made by appellant and her son, to go to the jury. This pass-book was given appellant by appellee when they began dealing with each other, and as flour was delivered and payments were made by appellant from time to time for flour, appellee gave her credit on this book, and made the entry. There were certain entries on this book made by appellant and her son. The court admitted the book as to the entries made by appellee, but rejected it as to the entries made by appellant and her son. The preliminary proof as to the character and method of keeping the books, and that accounts were true and just, as required by the statute, so as to authorize the book to be used in evidence, was not made. Without the preliminary proof it was not competent to use the book in evidence as to the entries not made by appellee, Brown. The mere fact that appellee saw the book and the items and even made no objections to it, did not amount to an admission of its correctness.

There is another objection to the right of appellant to recover damages for the non-delivery of this flour, even if it was in fact contracted for. There is no proof from appellant or any one else that she bought this flour on time, or that she was entitled to receive it without payment on delivery. In the absence of an agreement to sell and deliver on time, the law presumes that the money shall be due and payable on the delivery of the goods. There is no proof that appellant ever offered to pay for this flour when she claims to have demanded it or was then ready and willing to do so. Appellee was not bound to part with his flour without being tendered the contract price.

The proof is that she was already in debt for flour before then delivered, which she had not paid and was not offering to pay for when she was demanding more flour without offering to pay for what she had or what she was trying to get.

Complaint is made that the court erred in giving some instructions on the part of the plaintiff. We find no substantial error in the instructions complained of. They might have been refused with propriety, but inasmuch as there is no proof that the appellant ever offered to pay for this flour or

was ready and willing to pay for it, when she asked to have it delivered, the question of the time of delivery became wholly immaterial, and giving the instructions relating to the time of delivery could not prejudice appellant even if it was not strictly accurate.

The judgment is affirmed.

*Judgment affirmed.*